IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 4:04-CR-00308-BAE |
| | ) | |
| CHARLES ALEXANDER BOWE, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO EXCLUDE 404(b) EVIDENCE

Defendant, Charles Bowe, through counsel and pursuant to Rule 404(b), of the Federal Rules of Evidence, and the additional authority cited below, respectfully move the Court to exclude certain 404(b) evidence, *to wit*, all testimony and evidence which the Government proposes to introduce through cooperating witnesses Pedro Smith, Tavaris Rolle, and Raymond Adderley. In support of this motion, Mr. Bowe states:

1. On December 8, 2004, Mr. Bowe was indicted for conspiracy and substantive counts relating to a December 3, 2004, importation, into Savannah from the Bahamas, of 8 kilograms of cocaine.

2. On February 2, 2005, the Government superseded the indictment to allege a much broader conspiracy beginning in 2002.

3. On March 16, 2005, Mr. Bowe filed a motion requesting a Bill of Particulars as to the Conspiracy Counts of the Superseding Indictment, requesting some clarity as to the scope of the conspiracy against which Mr. Bowe would be called upon to defend at trial.

4. By Order dated April 29, 2005, United States Magistrate Judge Smith denied Mr. Bowe's Motion for a Bill of Particulars as to the conspiracy alleged in the Superseding Indictment.

5. On the afternoon of July 26, 2005, the Government produced to the defense, by hand-delivery, the Government's Ninth Certificate of Disclosure, which included, among other things, DEA-6 Reports containing the debriefings of Pedro Smith, Tavaris Rolle and Raymond Adderley, as well as copies of the wiretaps and accompanying transcripts, all proving the existence and details of the conspiracy in which these persons were involved, and with which they were charged and convicted.

6. A review of this material reveals, for the first time, the nature and scope of the conspiracy allegations against Charles Bowe as it relates to Smith, Rolle and Adderley, (the "Smith/Rolle/Adderley Conspiracy").

7. More importantly, this new information unequivocally demonstrates that the alleged conspiracy in which Mr. Bowe is alleged to have engaged with Damien Coverley is completely separate and distinct from allegations and activity relating to the Smith/Rolle/Adderley conspiracy. The evidence does not support a finding of one overall conspiracy as the Government contends.

8. As the two sets of allegations constitute two separate conspiracies, any and all evidence as to one would constitute 404(b) evidence as to the other.

9. As a preliminary matter, the Government has not provided Rule 404(b) notice containing the names, addresses and substance of the prior acts and criminal conduct of the defendant 10 days prior to trial as required by Local Rule 12.3.

10. Evidence of the Smith/Rolle/Adderley conspiracy is inadmissible in Mr. Bowe's trial on the Coverley conspiracy as the evidence is not relevant to any issue in the case.

11. Additionally, such evidence is otherwise more prejudicial than probative, as it relates to allegations which, in nature, are more egregious, and in quantum far more extensive than the pertaining to the Coverley conspiracy.

12. Finally, this Court has no venue over the alleged Smith/Rolle/Adderley conspiracy as none of the alleged conspiratorial nor substantive acts alleged in regard thereto occurred in the Southern District of Georgia.

WHEREFORE, Mr. Bowe respectfully moves the Court to exclude all evidence of the Smith/Rolle/Adderley conspiracy pursuant to Rule 404(b).

## MEMORANDUM OF LAW

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The Eleventh Circuit Court of Appeals has emphatically held that a defendant's intent is not put in issue by mere virtue that he has entered a not guilty plea. United States v. Mathews, 411 F.3rd 1210, 1226 (11th Cir. 2005). Furthermore, evidence of the Smith/Rolle/Adderley conspiracy is not relevant in this case to show motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident. Nor has the Government proffered the relevance of the Smith/Rolle/Adderley evidence under Rule 404(b). Finally, whatever relevance such evidence would have is far outweighed by the risk of unfair prejudice.

This 1st day of August, 2005.

Respectfully submitted,

GARLAND, SAMUEL & LOEB, P.C.

_____
EDWARD T.M. GARLAND
Georgia Bar No. 284900
Counsel for Defendant Charles Bowe

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225
(404) 365-5041 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 4:04-CR-00308-BAE |
| | ) | |
| CHARLES ALEXANDER BOWE, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this 1st day of August, 2005, served counsel for the plaintiff in the foregoing matter with a copy of the within and foregoing *Motion to Exclude 404(b) Evidence*, by hand-delivery in open court:

Karl Irving Knoche
U.S. Attorney's Office
P.O. Box 8970
Savannah, GA 31412

EDWARD T.M. GARLAND