UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**CHARLES ALEXANDER BOWE,**

Movant,

v.  408CV033
(404CR308)

**UNITED STATES OF AMERICA.**

## ORDER

This Court recently denied habeas movant Charles Alexander Bowe's motion for a Certificate of Appealability (COA) pursuant to 28 U.S.C. § 2253(c), which would have allowed him to appeal this Court's Order, doc. # 32, denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. # 41. Bowe has since filed a motion for reconsideration of the denial of a COA. Doc. # 42.

In his motion for reconsideration, *id.*, Bowe laments the fact that the Court denied him a COA due to his failure to "present any specific issue for appeal, much less anything satisfying the COA requirements," doc. # 41. As the Court explained, "[t]o obtain a COA, a § 2255 petitioner must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Bowe urges that he did not delineate any particular issue(s) for appeal because he "did not feel it necessary to regurgitate the citations from his [post-conviction] pleadings [in order to] establish that the various issues he had raised" would satisfy the requirements for a COA. Doc. # 42 at 1. Moreover, Bowe states that he "believed it was clear from his motion that he was asking for a [COA] on all issues raised in his [§ 2255 motion and his later amendment to that motion]." *Id.* He concludes his motion for reconsideration with an outline of the issues he seeks to appeal:

> [a] Whether trial counsel was ineffective for (1) failing to conduct an adequate factual investigation for trial and/or sentencing; (2) failing to secure the attendance of necessary witnesses at trial; (3) failing to timely move to depose necessary witnesses; (4) failing to prover [sic] testimony of necessary witnesses in support of the defense motion to continue and/or (5) failing to adequately proffer testimony of necessary witnesses in support of the defense motion to depose witnesses.
>
> [b] Whether trial counsel was ineffective for failing to move to suppress items seized from Mr. Bowe's home.
>
> [c] Whether trial counsel was ineffective for failing to move to dismiss the superseding indictment based upon venue entrapment.
>
> [d] Whether it was error to deny leave to amend the [§] 2255 motion to add the claim that the government withheld exculpatory information regarding Keith Major.
>
> [e] Whether the government withheld exculpatory information regarding Keith Major.

*Id.* at 2.

The Supreme Court has explained that "[w]here a district court has rejected the constitutional claims on the merits, the

showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The *petitioner must demonstrate* that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484 (emphasis added). Thus, much responsibility falls upon the movant to present the relevant issues and arguments to the Court, especially when, as here, the movant is not proceeding *pro se*, and has the benefit of the assistance of retained counsel. As one court plainly put it, "[a] silent document rarely constitutes a 'substantial showing' of anything." *West v. Schneiter,* 485 F.3d 393, 394-95 (7th Cir. 2007).

Nonetheless, because movant has swiftly provided the issues he wishes to appeal (and despite the fact that he presented no meaningful argument as to how the applicable standard for a COA has been met), the Court will reconsider its previous denial.

Section 2253(c) permits the issuance of a COA only where the applicant has made a "substantial showing of the denial of a constitutional right." *Slack,* 529 U.S. at 483. This means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

The Court has reviewed the Magistrate Judge's Report & Recommendation ("R&R"), doc. # 21, as well as its own Order adopting the R&R, doc. # 32. The Court grants a COA only as to the first issue listed by Bowe in his motion for reconsideration: "Whether trial counsel was ineffective for (1) failing to conduct an adequate factual investigation for trial and/or sentencing; (2) failing to secure the attendance of necessary witnesses at trial; (3) failing to timely move to depose necessary witnesses; (4) failing to prover [sic] testimony of necessary witnesses in support of the defense motion to continue and/or (5) failing to adequately proffer testimony of necessary witnesses in support of the defense motion to depose witnesses." Doc. # 42 at 2. This is the only claim (or, more accurately, series of sub-claims) denied by the Court that reasonable jurists could find debatable. Thus, the remaining issues (pertaining to counsel's failure to file a suppression motion, counsel's failure to argue venue entrapment, the Court's denial of leave to amend the § 2255 motion, and whether the government withheld exculpatory evidence about its key witness) do not meet the standard for a COA. *Id.*

For the foregoing reasons, the Court **GRANTS** Bowe's motion to reconsider, doc. # 42, and thereby **GRANTS** him a COA, but *only* as to the limited issue set forth above.

This day of 10 December 2009.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA