# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CHARLES ALEXANDER BOWE, )<br>)<br>Movant, )<br>)<br>v. )<br>) Case No. CV 413-278<br>UNITED STATES OF AMERICA, ) CR 404-308<br>)<br>Respondent. ) | |

## REPORT AND RECOMMENDATION

Convicted in 2005 for his part in leading and organizing a massive international drug importation enterprise, Charles Alexander Bowe was sentenced to life imprisonment. *United States v. Bowe*, 192 F. App'x 871, 873-75 (11th Cir. 2006). After an unsuccessful appeal, *id.*, he sought habeas relief pursuant to 28 U.S.C. § 2255, which was similarly denied. *Bowe v. United States*, 2009 WL 2899107 (S.D. Ga. May 20, 2009), *affirmed United States v. Bowe*, 428 F. App'x 793 (11th Cir. 2011). Citing *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013) (certain sentencing errors that were already litigated at trial and on direct appeal may again be litigated in an *initial* § 2255 proceeding where an intervening Supreme Court decision, given retroactive effect, validates

the litigant's arguments), Bowe again moves for § 2255 relief. (Doc. 1.) He insists that his sentence was contrary to law under *Alleyne v. United States*, \_\_ U.S. \_\_, 133 S. Ct. 2151 (2013), which held that any fact that increases a minimum sentence for a crime is an "element" of the crime and not a "sentencing factor;" as such, any fact increasing the mandatory minimum sentence must be submitted to the jury. *Id.* at 2163.

First, this case is not even superficially similar to *Spencer*, as this is not an initial § 2255 proceeding and *Alleyne* is not retroactive. The Supreme Court never stated that the *Alleyne* decision was to be retroactively applied, and the Eleventh Circuit, albeit in an unpublished decision, has explicitly stated that *Alleyne* (like its parent *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), is not retroactive. *Starks v. Warden, FCC Coleman-USP I*, 2013 WL 6670797 at *2-3 (Dec. 19, 2013). Moreover, the Court cannot conceive of how *Alleyne* would have any impact here. This is not a case involving an increase in a mandatory minimum sentence. The maximum sentence was always life imprisonment. 21 U.S.C. § 841(b)(1) (for violations involving more than 5 kilograms of cocaine, the term of imprisonment "may not be less than

10 years nor more than life"). The sentencing judge found no facts which altered the statutory range.

More importantly, the Court lacks jurisdiction to consider Bowe's claim, as this is a successive motion. "When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h)." *Daniels v. Warden, FCC Coleman-USP I*, 2013 WL 5225494 at * 1 (11th Cir. Sept. 18, 2013); *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). While Bowe reasons that this Court has jurisdiction based upon *Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011), that case has no application here. Unlike the litigant in *Stewart*, who was foreclosed from challenging his career offender status until his prior convictions had been vacated, Bowe could have raised the same arguments Alleyne raised at sentencing and on appeal.

Bowe has knocked on the wrong court's door. Accordingly, his § 2255 motion must be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009

3

WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  6th  day of January, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA