IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA    *

vs.    *    CR 404-308-002

CHARLES BOWE    *

## O R D E R

In the captioned criminal matter, Defendant Charles Bowe filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines. In his motion, Bowe also argues that his sentence should be reduced because he was incorrectly sentenced in the first instance. In particular, Bowe contends that the ten-year mandatory minimum to life sentence maximum of 21 U.S.C. §§ 960(b)(1)(B) and 841(b)(1)(A) should not have applied to him because the indictment did not charge a drug quantity and the jury did not find a drug quantity to trigger this sentencing range.[1]

On September 8, 2015, this Court granted Bowe's motion to

---

[1] Both § 960(b)(1)(B) and § 841(b)(1)(A) provide that a person violating the criminal statute involving 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine shall be sentenced to a term of imprisonment of not less than 10 years and not more than life.

reduce sentence upon application of Amendment 782. (Doc. No. 211.) The Court did not address Bowe's other argument however. Accordingly, for purposes of the record, the Court hereby **DENIES** Bowe's motion to reduce based upon the alleged "inequalities previously imposed at the initial sentencing." (See Def.'s Mot. to Reduce Sentence, Doc. No. 210, at 1.)

The record of this case belies Bowe's contention that the Court imposed the wrong statutory penalty. First, the superseding indictment specifically charges that Bowe conspired to import <u>five kilograms or more</u> of cocaine hydrochloride in Count One, imported <u>five kilograms or more</u> of cocaine hydrochloride in Count Two, conspired to possess with the intent to distribute <u>five kilograms or more</u> of cocaine hydrochloride in Count Three, and possessed with the intent to distribute <u>five kilograms or more</u> of cocaine hydrochloride in Count Four. (See Doc. No. 28.) Second, the jury instructions contain the same language as the superseding indictment in that the jury was instructed that Bowe had been charged with a drug quantity of <u>five kilograms or more</u> of cocaine hydrochloride in each of the four drug-related counts against him. (Doc. No. 77.) Finally, the jury verdict form shows that the jury specifically found that each of the four drug-

related counts on which Bowe was found guilty involved <u>five kilograms or more</u> of cocaine hydrochloride.[2] In short, any argument that the ten-year mandatory minimum to life sentence maximum of 21 U.S.C. §§ 960(b)(1)(B) and 841(b)(1)(A) did not apply to Bowe at the initial sentencing is wholly without merit.

Upon the foregoing, and having granted a reduction by the Court's Order of September 8, 2015, Bowe's motion to reduce sentence filed on July 6, 2015 (doc. no. 210) is **GRANTED IN PART** and **DENIED IN PART**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Clerk is directed to attach a copy of the jury verdict (doc. no. 80), with the foreperson's name redacted, to the service copy of this Order.